UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CASE NO. 0:08-CV-133-HRW

TRICIA M. FULLERTON-EICHENLAUB     PETITIONER/COUNTER-
DEFENDANT

v.

ANGELA RELLAMAS     RESPONDENT/COUNTER-
PLAINTIFF

**MEMORANDUM OPINION AND ORDER AND JUDGMENT**

This matter is before the Court on Respondent Angela G. Rellamas' Motion for Partial Summary Judgment on her Counterclaims [Doc. 62]. Petitioner has filed two responses to Respondent's Motion [Doc. 71 and Doc. 90]. A hearing on the Motion was conducted on January 4, 2011 during which the undersigned heard arguments pertaining to the instant motion as well Respondent's Motion to Remove Trustee [Docket No. 60] and Motion for Sanctions [Doc. 83]. At the hearing, the Court sustained the Motion for Partial Summary Judgment as well as the Motion to Remove Trustee. With regard to sanctions in the form of costs associated with certain depositions, the Court granted Petitioner a period of seven days in which to object to the itemization of the same submitted by Respondent. Petitioner submitted objections, which reiterate her earlier responses to the above-reference motions [Doc. 94]. She made no specific objections to the itemization of costs.

Having heard and considered the arguments, the pleadings, the discovery, the exhibits, affidavits, and disclosure materials in the record, the Court finds:

1. Respondent has moved for summary judgment against Petitioner/Counter-Defendant Tricia M. Fullerton-Eichenlaub ("Tricia") on her claims for: the misappropriation of $547,829.37 from the Arthur L. Fullerton Revocable Living Trust ("Arthur's Trust") and Arthur L. Fullerton's ("Arthur") personal checking accounts (improperly adding her name to Arthur's bank accounts and opening bank accounts jointly in her name and Arthur's name) by means of undue influence and fraud perpetrated while Tricia was Arthur's Attorney-in-Fact, Trustee of Arthur's Trust, and while Arthur lacked the mental capacity to know or understand the nature of the transactions; breach of Tricia's fiduciary duties as Trustee of the Arthur L. Fullerton Revocable Living Trust, as attorney-in-fact for Arthur L. Fullerton during his life and as Executrix of Arthur's Estate; tortious interference with an inheritance; and punitive damages.

2. Petitioner having failed to offer any affirmative evidence, affidavits or other sufficient response to the Motion and having admitted before this Court the facts asserted in Respondent's Motion and supporting Memorandum and viewing the facts and circumstances in a light most favorable to Petitioner, the Court hereby ORDERS and FINDS that there is no genuine issue as to any material fact, including the material facts as set forth in Respondent's Statement of Facts.

3. The misappropriation of assets and corresponding transactions perpetrated by Petitioner described and set forth in Respondent's Motion [Doc. 62] and Supporting Memorandum [Doc. 62-2] are hereby CANCELLED and deemed NULL and VOID on account of their procurement by undue influence and fraud while Arthur lacked mental capacity and a CONSTRUCTIVE TRUST is hereby imposed on any and all misappropriated assets and the

proceeds therefrom including, but not limited to, any personal or real property, tangible or intangible, any and all life insurance proceeds, investments or other accounts or financial instruments that were purchased or obtained with money or funds misappropriated, etc., and Motion for Partial Summary Judgment [Doc. 62] and supporting Memorandum [Doc. 62-2] and that Respondent is entitled to judgment as a matter of law for her claims for relief and items of damages requested in the Motion and specifically including the following:

    a. All title, right and interest in the Toyota Prius (whether held by Tricia individually or with her husband) which was purchased by Tricia with Funds from Arthur's Trust is to be transferred by its current owners to the Arthur L. Fullerton Revocable Living Trust and otherwise re-titled in the name of Arthur's Trust within 30 days from the date of this Order;

    b. All title, right and interest in the property known as #11 Fryer Bridge Road, Solgohachia, Arkansas 72156-950 is to be transferred and conveyed by the current owners of the property, Tricia and Lloyd Eichenlaub, by warranty deed (to be drafted by Respondent) to the Arthur L. Fullerton Revocable Trust within 30 days from the date of this Order;

    c. An equitable lien is awarded to Arthur L. Fullerton Revocable Living Trust in the amount of $119,789.45 against the real property known as #11 Fryer Bridge Road, Solgohachia, Arkansas 72156-9503 and all improvements thereon and said lien shall have priority over any encumbrances subsequent to any *lis pendens* arising from this litigation which have been appropriately filed pursuant to Arkansas Law; and

    d. An equitable lien is awarded to the Arthur L. Fullerton Revocable Living Trust in the amount of $22,181.51 against the property known as #3 Fryer Bridge Road, Solgohachia,

Arkansas 72156-9503 and said lien shall have priority over any encumbrances subsequent to any *lis pendens* arising from this litigation which have been appropriately filed pursuant to Arkansas Law.

All recoveries of any property, money or other assets pursuant to this constructive trust shall be considered property of or paid back into Arthur's Trust. In accordance with the law of trusts, Tricia's share of the Trust shall be used to make good the loss to the trust and to the other beneficiaries caused by her misappropriation and she is not entitled to a share of any property recovered by or on behalf of the trust until all other beneficiaries damaged by her actions are made whole. See Bogert's *Trusts and Trustees: The Law Of Trusts And Trustees* § 191 (citing *Rudd v. Van der Hagan*, 5 S.W. 416, 418 (Ky. 1887).[1]

4. Tricia's misappropriation also constitutes a breach of her fiduciary duties owed as attorney-in-fact for Arthur, as Trustee of Arthur's Trust, and as Executrix of Arthur's Estate as well as tortious interference with an inheritance, for which Respondent is awarded COMPENSATORY DAMAGES in the amount of $567,829.37.[2]

5. The outrageous actions of Petitioner/Counter-Defendant Tricia M. Fullerton-

---

[1] "If a beneficiary is also a trustee of his own trust, acting for himself and others, it is elementary that as trustee he owes the beneficiaries a duty to perform the trust and not to violate it, and that if he steals trust funds, or causes damage to the trust estate in other ways, his share under the trust, whether in his own hands or those of a transferee, will be taken by the court in order to make good the loss." *Law of Trust and Trustees* §191. "[I]f [a trustee] has wasted or mismanaged the trust fund, or appropriated the proceeds to his own use, to that extent he should be charged. As trustee and beneficiary, when claiming an interest against those who are entitled to share this fund with him, if he has already received more than he is entitled to, no recovery can be had either by the trustee or his creditor, until the other beneficiaries are made equal with him . . ." *Rudd* 5 S.W. at 417-18.

[2] This amount is comprised of the $547,829.37 for moneys misappropriated plus $320,556.23 in undistributed funds from Arthur's Trust less the $300,000 already received pursuant to the Court's Order of September 20, 2010).

4

Eichenlaub also warrant punitive damages: because they constitute oppression, fraud or malice entitling Angela to punitive damages pursuant to KRS § 411.184; because Tricia acted with a wanton and reckless disregard for the property of Arthur and his beneficiaries; and in order to deter others from following her example. PUNITIVE DAMAGES are awarded in the amount of $1,371,551.62.

6. Tricia has also breached her duty to provide accountings for the Trusts of Arthur L. and Dottie Fullerton as well as an accounting for her actions as Attorney-in-Fact for Arthur and Tricia is hereby compelled to provide full, thorough and complete accountings for the same within 30 days from the date of this Order. These accountings shall include, but are not limited to, descriptions of how money was spent or invested, what accounts and credit cards were paid, the account history and statements for any accounts or credit cards that were paid, all banks statements and checking account records for any accounts into which transfers were made from misappropriated funds, etc.

7. Respondent shall also recover pre-judgment interest at the statutory rate of 8 percent, compounded annually, from December 3, 2005 [3] until the date of this Judgment, pursuant to KRS 360.040. See *Diggs v. Pepsi-Cola Metro. Bottling Co., Inc.*, 861 F.2d 914, 924 (6th Cir. 1988) (holding that state law governs pre-judgment interest in diversity actions). Respondent shall also recover post-judgment interest at the statutory rate, compounded annually, from the date of this Judgment until paid, pursuant to 28 U.S.C. 1961.

8. Respondent, as the prevailing party, shall recover costs, which shall be included in a

---

[3] The date of Arthur L Fullerton's death.

bill of costs pursuant to Fed. R. Civ. P. 54 (d) 1.

9. This matter is **STRICKEN** from the active docket of the Court.

10. The Court will retain jurisdiction over this matter for the purpose of enforcing the settlement agreement between the parties, if necessary, and for all other purposes.

This Order is FINAL and APPEALABLE.

This 19th day of January, 2011.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge